DOUGLAS W. OESTERLE, Appellant, *v.* HORACE COHEN and HARRIET COHEN, Respondents.

No. 13033

April 29, 1983                                    661 P.2d 1311

*R. Paul Sorenson,* Las Vegas; and *Patrick R. Doyle,* Las Vegas, for Appellant.

*Deaner & Deaner,* and *Michael A. Davis,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment quieting title to real property.

Respondents Horace and Harriet Cohen initiated an action in district court on April 30, 1979. The complaint sought an order declaring that the Cohens are the owners of certain property in Clark County and that appellant Douglas Oesterle has no interest in the premises. An answer and counterclaim were subsequently filed. Oesterle alleged that he had a contractual right to purchase the parcels. The counterclaim requested that the district court specifically enforce the alleged agreement.

The parties thereafter filed cross-motions for summary judgment. The Cohens contended, *inter alia,* that Oesterle had abandoned the contract to purchase the real estate and that Oesterle, therefore, forefeited all of his rights under the agreement. Oesterle principally alleged that the contract created an equitable mortgage and that the Cohens should be required to follow the statutory procedures governing foreclosure. The Cohens' motion was granted and an order was subsequently issued in their favor quieting title to the premises. This appeal followed.

It appears that the district court may have relied on City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970) in evaluating the propriety of granting summary judgment. In *Cragin* we stated that where cross-motions for summary judgment have been filed, the trial court may find that the litigants have conceded that there is no material question of fact. Pursuant to *Cragin,* the district court, therefore, may have been justified in concluding that no genuine issue of material fact existed.

. After the appeal in the present case was filed, however, we decided Cheqer, Inc. v. Painters & Decorators, 98 Nev. 609,

655 P.2d 996 (1982). We stated in *Cheqer* that *Cragin* was overly broad and that we did not intend *Cragin* to establish the rule that the mere filing of cross-motions for summary judgment automatically relieves the district court of its duty of deciding whether a genuine issue of fact exists. Rather, we specifically held that where, as here, cross-motions for summary judgment are brought on separate legal theories and where separate sets of facts are relied on to support those theories, a trial court must independently examine the record to determine whether there are any material factual questions requiring a trial. If such is the case, summary judgment should be denied. A review of the record here reveals that genuine issues of fact remain. Summary judgment was, therefore, inappropriate.

Accordingly, the summary judgment granted in favor of the Cohens is reversed, the final decree quieting title in the Cohens is vacated, and the case is remanded for trial.